UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, : | |
| : | Civil Action |
| Plaintiff, | File No.: |
| : | |
| v. | |
| : | 20-CV-622 |
| 300 BROADWAY HEALTHCARE, L.L.C. d/b/a NEW VISTA NURSING & REHAB CENTER, GEORGE WEINBERGER, STEVE KLEIMAN, and NEW VISTA NURSING & REHAB CENTER MEDICAL PLAN, : | **COMPLAINT** |
| : | |
| Defendants. : | |

---

EUGENE SCALIA, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

### PRELIMINARY STATEMENT

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought by the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5) against defendants (1) 300 BROADWAY HEALTHCARE, L.L.C. d/b/a NEW VISTA NURSING AND REHAB CENTER (the "SPONSOR" or "NEW VISTA"); (2) GEORGE WEINBERGER ("WEINBERGER"), and (3) STEVE KLEIMAN ("KLEIMAN"), (collectively, the "FIDUCIARIES") to obtain relief for breaches of fiduciary duty under ERISA § 409, to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable and injunctive relief to redress violations and enforce provisions of that Title. NEW VISTA NURSING & REHAB CENTER MEDICAL PLAN (the "PLAN"), an employer-funded health plan funded by NEW

1


VISTA, is named as a defendant herein pursuant to Federal Rule of Civil Procedure 19 to assure that complete relief can be granted.

2.   At various relevant times during the PLAN's operation, each of the FIDUCIARIES were responsible for administering the PLAN, managing the PLAN and/or disposing of the PLAN's assets in the sole interest of the PLAN's participants and beneficiaries. In reliance on NEW VISTA's promise of benefits, the PLAN participants and beneficiaries obtained medical and related services, and duly submitted their claims for benefits to the PLAN. In violation of their fiduciary duties to the PLAN, the FIDUCIARIES neither paid the claims, formally declined the claims, nor even gave participants the slightest indication of why their claims were not being paid. As a result of the FIDUCIARIES' dereliction of their duties to the PLAN and its participants, the PLAN and its participants have incurred in excess of $400,000 in losses, exclusive of interest. Through this action, the Secretary seeks to bring the FIDUCIARIES into compliance with ERISA and to restore the losses suffered by the PLAN and its participants as a result of the FIDUCIARIES breaches of their duties.

## JURISDICTION AND VENUE

3.   The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4.   Venue of this action lies in the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the PLAN is located in New Jersey and the violations at issue in this complaint occurred within New Jersey.

## THE PARTIES

5. The Secretary is vested with authority to enforce Title I of ERISA by, among other things, filing and prosecuting claims against fiduciaries and other parties who violate ERISA. 29 U.S.C. §§ 1132(a)(2) & (5).

6. At all relevant times herein, NEW VISTA operated a short-term rehabilitation and long-term care facility at 300 Broadway, Newark, NJ 07104 and sponsored the PLAN. Additionally, NEW VISTA was the PLAN Administrator and as such had discretionary authority or discretionary responsibility in the administration of the PLAN, and is therefore a fiduciary within the meaning of § 3(21)(A)(iii) of ERISA, 29 U.S.C. § 1002(21)(A)(iii).

7. Between March 30, 2005 through March 1, 2016, defendant WEINBERGER was an owner of the SPONSOR and exercised authority to fund the PLAN, pay claims submitted to the PLAN, and appointed service providers such as David Rubinstein and United Health Plus Administrators d/b/a Garden State Administrators (collectively, "UHP") to *inter alia* administer the PLAN and process claims. Upon information and belief, WEINBERGER resides in Brooklyn, NY.

8. As defendant WEINBERGER was authorized to fund the PLAN and to pay claims submitted to the PLAN, he exercised discretionary authority and control over the management of the PLAN and the disposition of the PLAN's assets, and is therefore a fiduciary within the meaning of § 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

9. As defendant WEINBERGER selected and retained service providers to administer the PLAN, including but not limited to UHP, and determined whether to pay claims and expenses of the PLAN's service providers submitted to the PLAN, defendant WEINBERGER had discretionary authority or discretionary responsibility in the administration

of the PLAN, and is therefore a fiduciary within the meaning of §3(21)(A)(iii) of ERISA, 29 U.S.C. § 1002(21)(A)(iii).

10. Between March 1, 2016 through the present time, defendant KLEIMAN was the owner of the SPONSOR with authority to fund the PLAN, pay claims submitted to the PLAN, and appointed service providers to *inter alia* administer the PLAN and process claims. Upon information and belief, KLEIMAN resides in Rockland County, NY.

11. As defendant KLEIMAN was authorized to fund the PLAN and to pay claims submitted to the PLAN, he exercised discretionary authority and control over the management of the PLAN and the disposition of the PLAN's assets, and is therefore a fiduciary within the meaning of § 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

12. As defendant KLEIMAN selected and retained service providers to administer the PLAN, including but not limited to Total Plan Concepts ("TPC") and Magnacare, and determined whether to pay claims submitted to the PLAN through UHP and TPC, defendant KLEIMAN had discretionary authority or discretionary responsibility in the administration of the PLAN, and is therefore a fiduciary within the meaning of § 3(21)(A)(iii) of ERISA, 29 U.S.C. § 1002(21)(A)(iii).

13. On or about July of 2008, NEW VISTA established the PLAN to provide medical, dental and pharmacy benefits to participating employees of the SPONSOR. NEW VISTA funded the cost of coverage for the enrolled employees, while dependent and family coverage was funded through payroll deductions of the employee that selected this coverage.

14. As the PLAN was established and maintained for the purpose of providing participating employees and their beneficiaries medical and other benefits, the PLAN is an

4

employee welfare benefit plan within the meaning of § 3(1)(A) of ERISA, 29 U.S.C. § 1002(1)(A).

## BACKGROUND

15. NEW VISTA was founded in 1998 by, *inter alios*, defendants KLEIMAN and WEINBERGER to provide short term rehabilitation and long term care.

16. Beginning in May of 2002, WEINBERGER and KLEIMAN had a dispute regarding the management of NEW VISTA, and were involved in prolonged litigation. As a result of the parties' dispute and litigation, KLEIMAN left his management position with NEW VISTA in March of 2016.

17. Between March 30, 2005 through March 1, 2016, NEW VISTA was operated by, *inter alios*, WEINBERGER.

18. In or about July of 2008, defendant NEW VISTA entered a Preferred Provider Organization ("PPO") Agreement with Cigna Health and Life Insurance Company/Qualcare ("Qualcare"), wherein Qualcare agreed to provide the PLAN with access to Qualcare's network of providers and contract rates in return for monthly rate per participant.

19. Pursuant to the PPO Agreement with Qualcare, NEW VISTA was responsible for notifying participants of the PLAN's health benefits, to comply with ERISA, and to direct its third-party administrator to provide Qualcare with a list of participants each month. The PPO Agreement further provided that NEW VISTA, rather than Qualcare, was ultimately responsible for paying any covered claims.

20. In or about July of 2008, WEINBERGER and NEW VISTA appointed UHP as the PLAN's third-party administrator.

21. Although, on information and belief, there was no formal PLAN document between July of 2008 and March 1, 2016, UHP created an informational brochure for the PLAN's participants regarding the co-pays, if any, for various services and represented to participants, with NEW VISTA's knowledge and consent, that NEW VISTA would fund all valid claims submitted subject to the disclosed co-pays.

22. Between July of 2008 and May 31, 2016, UHP adjudicated and processed claims, and typically sent invoices and claims reports to NEW VISTA on a monthly basis for claims payment.

23. Following the prolonged litigation between *inter alios*, WEINBERGER and KLEIMAN, WEINBERGER entered into a Membership Interest Purchase Agreement ("MIPA") with KLEIMAN and his company on or about March 1, 2016, wherein WEINBERGER sold his ownership interest in and relinquished all management and control of NEW VISTA to KLEIMAN and KLEIMAN's company. Pursuant to the MIPA, the effective date of the transfer was retroactive to February 10, 2016.

24. Since approximately March 1, 2016 to the present, NEW VISTA was operated by KLEIMAN.

25. On or about May 31, 2016, NEW VISTA and KLEIMAN terminated UHP as the PLAN's third-party administrator, and replaced it with TPC. Likewise, NEW VISTA and KLEIMAN also terminated Qualcare as the PLAN's PPO, and replaced it with Magnacare.

26. Following its appointment as the PLAN's third party administrator, TPC introduced a greater degree of formality in the PLAN's administration than had been the case under UHP—specifically, a formal PLAN document was drafted setting forth, *inter alia*, a clearly defined procedure for submitting claims, receiving notifications and appealing decisions.

## **FAILURE TO PAY OR DECLINE CLAIMS**

27.     Throughout the PLAN's operation until UHP's replacement as the PLAN's third party administrator in May of 2016, UHP sent NEW VISTA numerous invoices and claims reports requesting NEW VISTA pay benefit claims that UHP adjudicated to be valid (the "Claims").

28.     Defendants NEW VISTA, WEINBERGER and KLEIMAN failed to pay in excess of $400,000 in benefit claims that UHP adjudicated to be valid and submitted to NEW VISTA for payment (the "Unpaid Claims").

29.     Upon information and belief, defendants NEW VISTA, WEINBERGER, and KLEIMAN failed to forward or to otherwise segregate from NEW VISTA's other accounts the funds owed and due to the PLAN for the payment of the Unpaid Claims.

30.     Pursuant to 29 C.F.R. § 2560.503-1(f)(2), a plan fiduciary that declines a claim for benefits must provide claimants with written notice advising them of the denial and the reasons for such denial, and of their opportunity to appeal such denial no later than (a) 72 hours for urgent care claims (29 C.F.R. § 2560.503-1(f)(2)(i)); (2) 15 days for claims submitted prior to the claimant receiving service (29 C.F.R. § 2560.503-1(f)(2)(iii)(A)); and (3) 30 days for claims submitted after service is provided (29 C.F.R. § 2560.503-1(f)(2)(iii)(B). (collectively, the "Regulatory Deadlines").

31.     To date, defendants NEW VISTA, WEINBERGER, and KLEIMAN failed to inform UHP that NEW VISTA was declining any of the claims submitted, and failed to inform UHP of their reason, if any, for failing to authorize payment of the Unpaid Claims, despite being well past the Regulatory Deadlines to do so.

32. To date, defendants NEW VISTA, WEINBERGER, and KLEIMAN failed to inform any of the claimants that NEW VISTA was declining any of the claims submitted, and failed to inform any of the claimants of their reasons, if any, for failing to authorize payment of the Unpaid Claims, despite being well past the Regulatory Deadlines to do so.

33. By reason of the SPONSOR's failure to pay or timely decline the Unpaid Claims, the PLAN has a claim against the SPONSOR for the full amount of the Unpaid Claims and interest.

34. To date, defendants WEINBERGER, KLEIMAN and NEW VISTA failed to file a lawsuit against the SPONSOR, to enforce the PLAN's claim against the SPONSOR the Unpaid Claims and interest, despite the fact that any such lawsuit would have been successful, and despite the fact that the SPONSOR had sufficient funds to pay an award for payment of the Unpaid Claims and interest.

35. To date, defendants WEINBERGER, KLEIMAN and NEW VISTA failed to notify the PLAN's participants and beneficiaries that NEW VISTA failed to pay the PLAN for the Unpaid Claims.

36. Prior to the Secretary's investigation of this matter, defendants WEINBERGER, KLEIMAN and NEW VISTA failed to notify the Secretary or any other regulatory body or agency that NEW VISTA failed to pay the PLAN for the Unpaid Claims.

## FIRST CLAIM FOR RELIEF

### (Against NEW VISTA, WEINBERGER and KLEIMAN -- Violations for Failing to Segregate the PLAN's Assets from NEW VISTA's Other Accounts)

37. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations of paragraphs 1 through 36, inclusive.

38. By failing to pay or authorize payment for the Unpaid Claims, defendants NEW VISTA, WEINBERGER and KLEIMAN:

   (a) failed to discharge their duties to the PLAN solely in the interests of the PLAN's participants and beneficiaries, in violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1);

   (b) failed to discharge their duties to the PLAN for the exclusive purpose of providing benefits to participants and beneficiaries, and defraying reasonable expenses of administering the PLAN, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

   (c) failed to manage and administer the PLAN and its assets with the care, skill and diligence that a prudent fiduciary would have used in like circumstances, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

39. By failing to segregate funds from NEW VISTA's other accounts and forward such funds to the PLAN sufficient for the payment of the Unpaid Claims as set forth in paragraphs 28 and 29 above, defendants NEW VISTA, WEINBERGER and KLEIMAN failed to ensure that PLAN assets were held in trust in violation of ERISA § 403(a)(1), 29 U.S.C. § 1103(a).

40. As a direct and proximate result of the conduct described above, NEW VISTA, WEINBERGER and KLEIMAN caused the PLAN and its participants to suffer harm for which each defendant is liable for and for which the PLAN and its participants are entitled to monetary and appropriate injunctive or other equitable relief pursuant to ERISA §§ 409(a), 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1109(a), 1132(a)(2) and 1132(a)(5).

## SECOND CLAIM FOR RELIEF

### (Against the FIDUCIARIES -- for Violations for Failing to Enforce the PLAN's Claim Against NEW VISTA for Unpaid Claims)

41. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations of paragraphs 1 through 40, inclusive.

42. Defendants NEW VISTA, WEINBERGER and KLEIMAN failed to sue the SPONSOR to compel the outstanding contributions to the PLAN for the Unpaid Claims.

43. Defendants NEW VISTA, WEINBERGER and KLEIMAN failed to notify the PLAN's participants and beneficiaries that the SPONSOR was not paying or processing claims, thereby denying participants and beneficiaries of a meaningful opportunity to pursue action against the SPONSOR or obtain health coverage from a legitimate health plan. They also failed to notify the Secretary or any other regulatory body or agency that the SPONSOR was not paying or processing claims, thereby hindering the Secretary or any other authorized entity from earlier seeking redress against the PLAN'S fiduciaries or SPONSOR.

44. By the above conduct, defendants NEW VISTA, WEINBERGER and KLEIMAN:

    (a) failed to discharge their duties to the PLAN in the interest of the participants and beneficiaries in violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1); and

    (b) failed to discharge their duties to the PLAN and its participants and beneficiaries with the care skill and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the management and administration of a plan similar to the PLAN.

45. As a direct and proximate result of the conduct described above, NEW VISTA, WEINBERGER and KLEIMAN caused the PLAN and its participants to suffer harm for each of these defendants is jointly and severally liable for and for which the PLAN and its participants

are entitled to monetary and appropriate injunctive or other equitable relief pursuant to ERISA §§ 409(a), 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1109(a), 1132(a)(2) and 1132(a)(5)..

### THIRD CLAIM FOR RELIEF

### (Against NEW VISTA, WEINBERGER and KLEIMAN-- Violations for Failing to Notify Participants of Claims Determinations)

46. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations of paragraphs 1 through 45, inclusive.

47. By failing to inform UHP or the PLAN's participants within the Regulatory Deadlines of their reason, if any, for failing to authorize payment of the Unpaid Claims as set forth in paragraphs 41 and 42 above, defendants NEW VISTA, WEINBERGER and KLEIMAN:

    (a) failed to discharge their duties to the PLAN solely in the interests of the PLAN's participants and beneficiaries, in violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1);

    (b) failed to discharge their duties to the PLAN for the exclusive purpose of providing benefits to participants and beneficiaries, and defraying reasonable expenses of administering the PLAN, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

    (c) failed to manage and administer the PLAN and its assets with the care, skill and diligence that a prudent fiduciary would have used in like circumstances, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

48. As a direct and proximate result of the conduct described above, NEW VISTA, WEINBERGER and KLEIMAN caused the PLAN and its participants to suffer harm for which each defendant is liable for and for which the PLAN and its participants are entitled to monetary and appropriate injunctive or other equitable relief pursuant to ERISA §§ 409(a), 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1109(a), 1132(a)(2) and 1132(a)(5).

## FOURTH CLAIM FOR RELIEF

**(Against WEINBERGER and KLEIMAN – Violations for Enabling and Failing to Take Reasonable Efforts to Remedy the Fiduciary Breaches of NEW VISTA)**

49. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations of paragraphs 1 through 48, inclusive.

50. As set forth in the Second Claim for Relief, above, defendants WEINBERGER and KLEIMAN breached their fiduciary duties of loyalty and prudence under ERISA § 404(a)(1), 29 U.S.C. §1104(a)(1).

51. As result of their failure to comply with their fiduciary duties of loyalty and prudence under ERISA § 404(a)(1), 29 U.S.C. §1104(a)(1), defendants WEINBERGER, and KLEIMAN enabled NEW VISTA to continue flouting its fiduciary obligations to ensure that the PLAN was adequately funded and that claims were being timely paid or properly processed, as set forth in paragraphs 28, 29, 31 and 32 above.

52. Similarly, although defendants WEINBERGER and KLEIMAN were aware that NEW VISTA breached its fiduciary obligations to ensure that the PLAN was adequately funded and that claims were being timely paid or properly processed, as set forth in paragraphs 28, 29, 31 and 32 above, defendants WEINBERGER and KLEIMAN (a) failed to sue NEW VISTA to compel the outstanding contributions to the PLAN for the Unpaid Claims; (b) failed to notify the PLAN's participants and beneficiaries that NEW VISTA was not paying or processing claims, thereby denying participants and beneficiaries of a meaningful opportunity to pursue action against NEW VISTA; (c) failed to notify the Secretary or any other regulatory body or agency that NEW VISTA was not paying or processing claims, thereby hindering the Secretary or any other regulatory body or agency from pursuing an action against NEW VISTA; and (d) failed to

take any other reasonable effort under the circumstances to remedy NEW VISTA's breach of its funding and/or processing obligations.

55. Accordingly, defendants WEINBERGER and KLEIMAN are each liable for all losses suffered by the PLAN and its participants as a result of the fiduciary breaches of NEW VISTA pursuant to ERISA §§ 405(a)(2) and (3), 29 U.S.C. §§1105(a)(2) and (3).

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary requests that the Court enter an Order:

1. Requiring the defendants NEW VISTA, WEINBERGER and KLEIMAN to restore to the Plan and its participants all losses caused, and to disgorge and restore all profits received, as a result of Defendants' breaches, plus interest;

2. Providing such other appropriate relief as is equitable and just.


DATED:   January 17, 2020
         New York, New York

                                            Respectfully submitted,

                                            KATE S. O'SCANNLAIN
                                            Solicitor of Labor

                                            JEFFREY S. ROGOFF
                                            Regional Solicitor

                                            s/Andrew Karonis
                                            ANDREW KARONIS
                                            Senior Trial Attorney

                                            U.S. Department of Labor,
                                            Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Jeffrey S. Rogoff
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.:   (646)264-3650/3681
FAX:   (646)264-3660
Email:  karonis.andrew@dol.gov