UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------------------X
MARTIN J. WALSH, Secretary of Labor, :
United States Department of Labor,
                                          :   Civil Action File No.:
                Plaintiff,   **20-CV-00622 (CCC)(ESK)**
                                          :
        v.
                                          :
300 BROADWAY HEALTHCARE, L.L.C. d/b/a
NEW VISTA NURSING & REHAB CENTER, :
GEORGE WEINBERGER, STEVE KLEIMAN
and NEW VISTA & REHAB CENTER :
MEDICAL PLAN,
                                          :
                Defendants.
------------------------------------------------------------------X
GEORGE WEINBERGER,   :

            Third-Party Plaintiff,   :

        v.   :

TNUZEG HOLDINGS, LLC, RIVKA B.   :
KLEIMAN, and RIVKA C. KLEIMAN,
                                          :

            Third-Party Defendants. :
------------------------------------------------------------------X

**SCHEDULE OF INDEPENDENT FIDUCIARY'S ANTICIPATED FEES AND EXPENSES FOR THIS MATTER**

      As directed by this Court's Order, dated May 6, 2021, T&M USA, LLC ("T&M") hereby submits to the Court for approval its schedule of anticipated fees and expenses for its services as Independent Fiduciary in this matter.

      Pursuant to Section II (B)(1) of the Order, T&M herewith submits its Itemized Fee Application. Attached hereto is a copy of the above referenced Order (See Exhibit 1) and the Independent Fiduciary's schedule of anticipated fees and expenses totaling $20,000.00. (See Exhibit 2).

1

A request is hereby made to the Court for approval of these anticipated fees and expenses in the amount of $20,000.00 for services to be provided as the Independent Fiduciary.

> Respectfully submitted,
>
> *Michael J. Mansfield* (signature)
>
> Michael J. Mansfield, Esq.
> Executive Vice President
> T&M USA, LLC
> Independent Fiduciary
> New Vista Nursing & Rehab Center
> Medical Plan
> 230 Park Avenue, Suite 440
> New York, NY 10169
> (212) 422-0000

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------------
MARTIN J. WALSH, Secretary of Labor,          :
United States Department of Labor,[1]
                                              :   Civil Action File No.:
               Plaintiff,                     :   **20-CV-00622 (CCC)(ESK)**
                                              :
       v.                                     :
                                              :
300 BROADWAY HEALTHCARE, L.L.C. d/b/a NEW     :
VISTA NURSING & REHAB CENTER, GEORGE          :
WEINBERGER, STEVE KLEIMAN and NEW VISTA       :
NURSING & REHAB CENTER MEDICAL PLAN,          :
                                              :
               Defendants.                    :
---------------------------------------------------------------------
GEORGE WEINBERGER,                            :
               Third-Party Plaintiff,         :
                                              :
       v.                                     :
                                              :
TNUZEG HOLDINGS, LLC, RIVKA B. KLEIMAN, and   :
RIVKA C. KLEIMAN,                             :
                                              :
               Third-Party Defendants.        :
---------------------------------------------------------------------

### SETTLEMENT AGREEMENT AND CONSENT ORDER

Whereas this action was filed by plaintiff Secretary of Labor, United States Department of Labor (the "Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and by the authority vested in him by ERISA Sections 502(a)(2) and 502(a)(5) (29 U.S.C. §§1132(a)(2) and 1132(a)(5))  alleging that 300 Broadway Healthcare, L.L.C. d/b/a New Vista Nursing and Rehab Center ("New Vista"), George Weinberger ("Weinberger") and Steve Kleiman ("Kleiman") (collectively, the "Defendants") violated ERISA

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Martin J. Walsh is automatically substituted as petitioner for former Secretary of Labor, Eugene Scalia.

1

Sections 403(a)(1), 404(a)(1), 404(a)(1)(A), 404(a)(1)(B), 405(a)(2) and 405(a)(3) regarding the administration and management of New Vista Nursing & Rehab Center Medical Plan (the "Plan") and/or the disposition of the Plan's assets;

Whereas, the Secretary specifically alleged inter alia, against the Defendants and the Third Party Defendants that they did not segregate the Plan's assets, pay employee claims for healthcare benefits eligible and covered under the Plan, notify participants of claim determinations, and/or remedy any alleged fiduciary breaches, and

Whereas Defendants thereafter asserted a number of cross-claims and/or third-party claims for indemnification, including without limitation third-party claims asserted by Weinberger against Third-Party Defendants Tnuzeg Holdings, LLC, Rivka B. Kleiman and Rivka C. Kleiman (collectively the "Third-Party Defendants"); and

Whereas, the Secretary, the Defendants and the Third-Party Defendants (collectively, the "Parties") have engaged in constructive and collaborative discussions and have negotiated this settlement through their respective attorneys; and

Whereas the Parties expressly waive findings of fact and conclusions of law except as set forth herein and consent to the entry of a final Order arrived at through the process described herein as a full and complete resolution of the claims raised in the Secretary's Complaint, without other trial or adjudication of any issue of fact or law raised in the Complaint, and the Parties agree that none of them will appeal such final Order as written and entered.

ACCORDINGLY, the Parties hereby acknowledge and agree and it is hereby Ordered that:

## I. JURISDICTION

The Court has jurisdiction over this Order and subject matter of this action and is empowered to provide the relief herein.

## II. INDEPENDENT FIDUCIARY

### A. Appointment and Scope of Authority

1. The Court hereby appoints T&M USA, LLC as the Independent Fiduciary of the Plan with authority to administer the Plan for the purpose of identifying and paying any valid and adjudicated claims submitted by participants or beneficiaries of the Plan between January 17, 2014 and May 31, 2016 that were not paid in full by the Plan (the "Unpaid Claims").

2. The Independent Fiduciary is empowered to require all custodians or record keepers of the Plan or the Defendants to deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations in their actual possession, custody or control, wherever and however stored, that are reasonably necessary to perform the duties of the Independent Fiduciary under this Order. The Parties' production to the Independent Fiduciary of the documents exchanged in discovery in this matter shall constitute presumptive compliance with the Parties' obligations under this paragraph, although the Independent Fiduciary shall have authority to request any specific additional documents that it deems necessary to performance of the Independent Fiduciary's role and are not included in the exchanged discovery.

3. To the extent required, the Defendants shall authorize any third parties, including but not limited to current and former third party administrators, to release any relevant information to the Independent Fiduciary that those third parties possess on behalf of any one or more Defendants.

B. **Compensation of Independent Fiduciary**

1. Within 60 days after the date of this Order, the Independent Fiduciary shall submit to this Court for approval its schedule of anticipated fees and expenses for this matter with copies sent electronically to counsel for the Parties and to the U.S. Department of Labor, Employee Benefits Security Administration, New York Regional Office ("NY-EBSA"). The Parties will have 15 days from receipt of the proposed fee schedule to submit any objections to the Court, which objections the Court shall resolve before the Independent Fiduciary undertakes any billable work.

2. The Independent Fiduciary shall thereafter submit billing statements of its fees and expenses monthly to the Court, the Parties' counsel and NY-EBSA, who shall have 15 days from receipt of billing statements to submit any objections to the Court, which objections the Court shall resolve before payment becomes due.

3. If no party or the Court objects to the schedule of anticipated fees or to any of the billing statements, payment may be made 20 days after notice to the parties is given; if any party or the Court objects to any payment, the matter will be resolved by the Court prior to payment.

4. The Independent Fiduciary's fees and expenses shall be paid by the Defendants provided this amount does not exceed $20,000.00 in total.

5. The Court has been advised that the Independent Fiduciary expects that its fees and expenses in discharging its duties as outlined in section II.A. above shall not exceed $20,000.00.

6. Payment of the Independent Fiduciary's fees and expenses up to $20,000.00 shall be apportioned as follows:

- 50% by defendant George Weinberger; and
- 50% by defendants Steve Kleiman and New Vista.

C. **Payment of Unpaid Claims**

1. The Independent Fiduciary shall develop a plan for equitable adjudication and payment of the Unpaid Claims in such amounts as do not in the aggregate exceed the total amount available in the CRIS Account, and shall submit a written proposal for the payment of each of the Unpaid Claims identified to the Court, to the Parties' counsel and to NY-EBSA (the "Distribution Proposal") no later than 120 days from the entry of this Order.

2. The Parties shall submit to the Court any objections to the Distribution Proposal no later than thirty (30) days after its submission. In the event any of any of the Parties, or the Court *sua sponte*, object to the Distribution Proposal, the Court shall resolve any such objections prior to payment.

3. In the event that none of the Parties or the Court object to the Distribution Proposal, or following the Court's resolution of any objections, the Court shall issue an order and judgment approving the Distribution Proposal and directing the Clerk of Court to release any moneys in the CRIS Account necessary for the Independent Fiduciary to make payments under the Distribution Schedule.

### III. CRIS ACCOUNT

1. Within fifteen (15) days of the date of this order, the Defendants shall pay the sum of $128,000.00 into the Court's Registry, apportioned as follows:

- $37,000.00 (representing 28.9%) by defendant Weinberger
- $91,000.00 (representing 71.1%) by defendants Kleiman and New Vista.

2. The Court shall issue an Order conforming to Appendix D of the Local Civil Rules of the District of New Jersey directing the Clerk of Court to deposit the payments described above into the interest-bearing Court Registry Investment Services ("CRIS Account").

3.      The funds so deposited into the CRIS Account shall be used to satisfy any Unpaid Claims as established in the Court-approved Distribution Schedule.

4.      The Court shall issue an order authorizing the Independent Fiduciary to make any withdrawals from the CRIS Account for payment of the Unpaid Claims only after such notice and opportunity to object to the proposed payments has been made in accordance with section II.C.3. above.

5.      If any money remains in the CRIS Account after making all approved payments of Unpaid Claims, the Court shall issue an order directing the Clerk to release the remaining moneys from the CRIS Account to the Defendants, in such proportion as Defendants' initial funding of the CRIS Account (i.e., 28.9% of any remaining funds to Weinberger and 71.1% of any remaining funds to Kleiman and New Vista).

## IV. ASSESSMENT OF CIVIL PENALTIES UNDER ERISA SECTION 502(l)

1.      Upon payment by the Independent Fiduciary of all Unpaid Claims pursuant to paragraph II.C.3. and III.4 above, the Secretary shall assess a civil penalty against each of the Defendants pursuant to ERISA Section 502(l) in the amount of 20% of the "applicable recovery amount" as defined in ERISA § 502(1)(2)  (the "502(l) Penalties").

2.      The "applicable recovery amount" shall be the amount of the money withdrawn by the Independent Fiduciary from the CRIS Account to pay Unpaid Claims in accordance with section II.C. and III.3 above.

3.      The 502(l) Penalties shall be paid directly by Defendants, and at the proportion of 50% of the total penalties assessed by each Defendant, by check made payable to the United States Department of Labor and referencing EBSA case number 30-105956(48), sent to one of the addresses below:

6

Standard (Regular U.S. Mail) Remittance Address:

ERISA Civil Penalty
P.O. Box 6200-36
Portland, OR 97228-6200

Or

Express Mail or Commercial Overnight Delivery Address:

U.S. Bank
Attn: ERISA Civil Penalty #6200-36
17650 NE Sandy Blvd.
PD-OR-C1GL
Portland, OR 97230.

4. Within five business days of completing the 502(l) payment obligation in paragraph IV.3, Defendants shall submit documentary evidence establishing that they have fulfilled their obligations as set forth in section IV.3 above. Submission of a copy of the check and corresponding cover letter shall constitute compliance with Defendants' obligations under this paragraph. This evidence shall be emailed to:

> Thomas Licetti
> Regional Director
> U.S. Department of Labor
> Employee Benefits Security Administration
> 201 Varick Street – Room 746
> New York, N.Y. 10014
> Tel 212-607-8647
>
> Email Address: Licetti.Thomas@dol.gov

5. Each Defendant agrees to waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83 with respect to the § 502(l) Penalties, and waive all legal rights to appeal, contest, or seek a further reduction of those assessments or payments.

## V. RELEASES

1. The Judgment ultimately entered under the processes described above shall

7

constitute and provide full, final, and complete judicial resolution of any and all of the claims and causes of action alleged in the Secretary's Complaint in this action. Notwithstanding the foregoing, nothing in such Judgment shall be deemed to waive any claim by the Secretary relating to performance by any Party of the obligations set forth in this Order or in such Judgment.

2    Except for any claim relating to performance by any Party of the obligations set forth above, the Secretary and his agents, representatives, assigns, predecessors and successors in interest, acting in their official capacities, agree to and do hereby waive, release and forever discharge any and all claims, demands, actions, causes of action, liabilities, or fines they may have against any of the Defendants or Third-Party Defendants and their respective members, directors, officers, agents, attorneys, employees, representatives, assigns, predecessors, and successors in interest based upon the allegations in the Secretary's Complaint in this action.

3.    Defendants, Third-Party Defendants, and their respective members, directors, officers, agents, attorneys, employees, representatives, assigns, predecessors and successors in interest, do hereby release the Secretary and his officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act or any statute, rule, or regulation, that relate in any manner to the investigations, filing, prosecution, and maintenance of the Secretary's Complaint, excepting claims relating to performance of any obligations the Secretary has under this Order or the subsequent Judgment as described herein.

4.    The Secretary's claims against any other persons who are not Parties hereto are expressly preserved. Except as set forth in sections V.1 and V.2 above, nothing in this Order or the subsequent Judgment shall preclude the Secretary from initiating or continuing any audit or investigation, or from pursuing any claims or actions, against any entities or persons relating to

any ERISA-covered plan. Nothing in this Order resolves any claims that have been or may in the future be asserted against Defendants or Third Party Defendants independently of the Secretary's Complaint by any participant, beneficiary or any other person relating to benefits under the Plan.

5. Nothing in this Order or the subsequent Judgment shall be deemed to resolve, waive, or otherwise prejudice any claims for indemnification that any Defendant or Third-Party Defendant may have against any other, whether by reason of contract or otherwise, related to the obligations of any Defendant or Third-Party Defendant under this Order or subsequent Judgment. Defendants and Third-Party Defendants expressly reserve any and all claims and defenses that they may have against any of the other Defendants or Third-Party Defendants, whether arising from the subject matter of the Secretary's Complaint or otherwise, and shall remain free to pursue such claims through litigation in any court of competent jurisdiction or through any such alternative dispute resolution forum as they may elect. Neither Defendants' nor the Third Party Defendants' rights and/or obligations shall be restricted by this Order or subsequent Judgment concerning any pre-existing or pending litigation between the Defendants, including but not limited to, the following cases; Docket No. L-6569-16 and A-5226-18T1.

6. Defendants and Third-Party defendants neither admit nor deny the allegations in the Secretary's complaint.

7. Defendant Weinberger neither admits nor denies the allegations set forth in the crossclaims of defendants Kleiman and New Vista.

8. Defendants Kleiman and New Vista and Third-party defendants neither admit nor deny the allegations in Defendant Weinberger's cross-claims and third-party complaint.

## VI. RETENTION OF JURISDICTION

This Court shall retain jurisdiction over the Parties and subject matter of this action for the purposes of enforcing and /or interpreting the terms of this Order and subsequent Judgment.

## VII. PARTIES BOUND

By entering into this Consent Order, the Parties hereto represent that they have been informed by counsel of the effect and purpose of this Consent Order and agree to be bound by its terms. Any attorney signing each expressly represents that he or she is authorized to execute this Consent Order on behalf of the Party represented and that the attorney has fully disclosed any conflicts of interest relating to his or her representation for purposes of executing this Consent Order. This Consent Order is not binding on any governmental agency other than the United States Department of Labor.

## VIII. MULTIPLE ORIGINALS

This Consent Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. The date of execution of this Consent Order is the date on which it is signed by the Court.

## IX. ENTRY OF JUDGMENT

The Court finds that there is no just reason to delay the entry of this Consent Order and expressly directs the entry thereof as a final Order.

**IN WITNESS WHEREOF**, the Parties through their respective duly authorized representatives have executed this Consent Order on the date(s) set forth hereunder.

**FOR THE PLAINTIFF MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR:**

Dated: April 22, 2021
New York, NY

ELENA S. GOLDSTEIN,
Deputy Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

MOLLY J. THEOBALD,
Trial Attorney

BY: _____
ANDREW KARONIS
Senior Trial Attorney

U.S. Department of Labor
Attorneys for MARTIN J. WALSH,
Secretary of Labor

FOR DEFENDANTS 300 BROADWAY HEALTHCARE, L.L.C. d/b/a NEW VISTA NURSING & REHAB CENTER, STEVE KLEIMAN and NEW VISTA NURSING & REHAB CENTER MEDICAL PLAN AND THIRD-PARTY DEFENDANTS TNUZEG HOLDINGS, LLC, RIVKA B. KLEIMAN, and RIVKA C. KLEIMAN:

Dated: April **22**, 2021

JASINSKI, P.C.

By: _____
       DAVID F. JASINSKI, ESQ.

Sixty Park Place, 8th Floor
Newark, New Jersey 07102
Tel: (973) 824-9700
Fax: (973) 824-6061

**FOR DEFENDANTS AND THIRD-PARTY PLAINTIFF GEORGE WEINBERGER:**

Dated: April 23, 2021

                              GREENBERG TRAURIG, LLP

                              By: _____
                                  MICHAEL SLOCUM, ESQ.
                              Shareholder

                              500 Campus Drive, Suite 400
                              Florham Park, New Jersey 07932
                              (973) 360-7900

**SO ORDERED:**

                              _____
                              HONORABLE CLAIRE C. CECCHI
                              UNITED STATES DISTRICT JUDGE

                              Dated: ____May 6____, 2021
                                    Newark, New Jersey

# EXHIBIT 2



**300 Broadway Healthcare, L.L.C. d/b/a New Vista Nursing and Rehab Center**

**Schedule of Anticipated Fees and Expenses**

- Review of discovery documents:
  File Name: Production 1-2500 (2500 pages)
  File Name: Production 2501-4710 (2210 pages)
  File Name: Segment 001 of BROADWAY_000001- BROADWAY_0000171-C1 (171 pages)
  File Name: Segment 002 of BROADWAY_172- BROADWAY_321-C1 (150 pages)
  File Name: Segment 003 of BROADWAY_000322- BROADWAY_000458-C1 (137 pages)
  File Name: Segment 004 of BROADWAY_000459- BROADWAY_00602-C1 (144 pages)
  File Name: Segment 005 of BROADWAY_000603- BROADWAY_000754-C1 (152 pages)
  File Name: Segment 006 of BROADWAY_000755- BROADWAY_000904-C1 (150 pages)
  File Name: Segment 007 of BROADWAY_000905- BROADWAY_001044-C2 (140 pages)
  File Name: Segment 008 of BROADWAY_001045- BROADWAY_001190-C2 (146 pages)
  File Name: Segment 009 of BROADWAY_001191- BROADWAY_001214-C2 (24 pages)
  File Name: Segment 010 of BROADWAY_001215- BROADWAY_001245-C3 (31 pages)
  File Name: Segment 011 of BROADWAY_001246- BROADWAY_001288-C3 (43 pages)
  File Name: Segment 012 of BROADWAY_001289- BROADWAY_001317-C3 (29 pages)
  File Name: Segment 013 of BROADWAY_001318- BROADWAY_001384-C1 (67 pages)
  File Name: Segment 014 of BROADWAY_001385- BROADWAY_001607-C1 (223 pages)
  File Name: Segment 015 of BROADWAY_001608- BROADWAY_001743-C1 (136 pages)
  File Name: Segment 016 of BROADWAY_001744- BROADWAY_001866-C1 (123 pages)
  File Name: Segment 017 of BROADWAY_001867- BROADWAY_002029-C1 (163 pages)
  File Name: Segment 018 of BROADWAY_002030- BROADWAY_002771-C1 (742 pages)
  File Name: Segment 019 of BROADWAY_002772- BROADWAY_003865-C1 (1094 pages)
  File Name: Segment 020 of BROADWAY_003866- BROADWAY_003896-C1 (31 pages)
  File Name: Segment 021 of BROADWAY_003897- BROADWAY_003931-C1 (35 pages)
  File Name: Segment 022 of BROADWAY_003932- BROADWAY_003969-C1 (38 pages)
  File Name: Segment 023 of BROADWAY_003970- BROADWAY_004003-C1 (34 pages)
  File Name: Segment 024 of BROADWAY_004004- BROADWAY_004040-C1 (37 pages)
  File Name: Segment 025 of BROADWAY_004041- BROADWAY_004078-C1 (38 pages)
  File Name: Segment 026 of BROADWAY_004079- BROADWAY_004118-C1 (40 pages)
  File Name: Segment 027 of BROADWAY_004119- BROADWAY_004158-C1 (40 pages)
  File Name: Segment 028 of BROADWAY_004159- BROADWAY_004196-C1 (38 pages)
  File Name: Segment 029 of BROADWAY_004197- BROADWAY_004235-C1 (39 pages)
  File Name: Segment 030 of BROADWAY_004236- BROADWAY_004278-C1 (43 pages)
  File Name: Segment 031 of BROADWAY_004279- BROADWAY_004368-C2 (90 pages)
  File Name: Segment 032 of BROADWAY_004369- BROADWAY_004443-C2 (75 pages)
  File Name: Segment 033 of BROADWAY_004444- BROADWAY_004446-C2 (3 pages)

- Request and review additional documents from the Plan's custodians or record keepers, current and former third-party administrators.



- Identify unpaid claims that were submitted by participants or beneficiaries between 01/17/2014 and 05/31/2016.

- Prepare Distribution Proposal/Schedule and contact affected healthcare providers.

- Distribute funds to affected healthcare providers.

| Tasks | Hours | Rate | Total |
|---|---|---|---|
| Attorney (Independent Fiduciary) | 4 | $300.00 | $1,200.00 |
| Certified Public Accountant | 25 | $300.00 | $7,500.00 |
| Support Staff | 125 | $90.40 | $11,300.00 |
| **TOTALS** | 154 | | $20,000.00 |